UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY RODRIGUEZ,<br><br>                    Petitioner,<br>    v.<br>JOHN HENLEY, *et al.*,<br><br>                    Respondents. | Case No. 3:24-cv-00182-MMD-CLB<br><br>ORDER |

**I.     SUMMARY**

*Pro se* Petitioner Jeffrey Rodriguez has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and moved for leave to proceed *in forma pauperis*. (ECF Nos. 1-1 at 22 ("Petition"), 3 ("Motion").) This matter comes before the Court for initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). The Court grants the Motion, and for the reasons discussed below, the Court directs service of the Petition.

**II.    BACKGROUND[1]**

Rodriguez challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County. On September 15, 2014, the state court entered a judgment of conviction following a jury verdict for first-degree murder with the use of a deadly weapon, felon in possession of a firearm, and three counts of assault with a deadly weapon. Rodriguez appealed, and the Nevada Supreme Court affirmed on December 18, 2015. Remittitur issued on January 12, 2016.

---

[1]The Court takes judicial notice of the online docket records of the Second Judicial District Court and the Nevada appellate courts. These docket records may be accessed by the public online at https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

On February 2, 2017, Rodriguez filed a state petition for writ of habeas corpus. After an evidentiary hearing, the state court denied Rodriguez's state petition on March 20, 2023. Rodriguez filed a post-conviction appeal, and the Nevada Court of Appeals affirmed the denial on March 25, 2024. Remittitur issued on April 19, 2024. On or about April 23, 2024, Rodriguez initiated this federal habeas corpus proceeding.

### III.  DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Following a review of the Petition, the Court finds that a response is warranted, so the Court directs service of the Petition on Respondents.[2]

### IV.  CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 3) is granted.

It is further ordered that the Clerk of Court file the Petition (ECF Nos. 1-1, 1-2, 1-3, 1-4).

---

[2]The Court notes, without deciding, that Rodriguez may be entitled to the appointment of counsel given his life sentence and the complex issues presented in his Petition. If Rodriguez desires for this Court to consider appointing counsel to represent him, he must file a motion. If Rodriguez does seek to have counsel appointed, he remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting any future deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk of Court: (1) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents; and (2) electronically serve Respondents' counsel a copy of the Petition (ECF No. 1-1, 1-2, 1-3, 1-4), this Order, and all other items previously filed in this case by regenerating the Notices of Electronic Filing.

It is further ordered that Respondents' counsel: (1) enter a notice of appearance within 21 days of entry of this order; and (2) file a response to the Petition, including potentially by motion to dismiss, within 90 days. Any procedural defenses raised by Respondents shall be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. In any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Rodriguez file a reply to Respondents' answer within 45 days of service of the answer.

It is further ordered that the response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed by Local Rule 7-2(b).

It is further ordered that any state court record and related exhibits filed herein by either Petitioner or Respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF number in the record, the first document under each successive ECF number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF number thereafter will be listed under an attachment number (*i.e.*, attachment 1, 2, etc.).

It is further ordered that courtesy copies of exhibits shall <u>not</u> be provided.

DATED THIS 26th Day of April 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE