UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY RODRIGUEZ,<br><br>                Petitioner,<br>v.<br><br>JOHN HENLEY, *et al.*,<br><br>                Respondents. | Case No. 3:24-cv-00182-MMD-CLB<br><br>ORDER |

Petitioner Jeffrey Rodriguez, a Nevada prisoner, has filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 7 ("Petition").) Before the Court is Respondents' motion to dismiss the Petition. (ECF No. 28 ("Motion").) Rodriguez opposed the Motion, and Respondents replied. (ECF Nos. 33, 40.) For the reasons discussed below, the Court grants the Motion in part.

**I.    BACKGROUND**

A jury found Rodriguez guilty of (1) the murder of his wife with the use of a deadly weapon, (2) three counts of assault with a deadly weapon for shooting at bystanders who had stopped to help, and (3) being a felon in possession of a firearm. (ECF No. 22-12.) Rodriguez was sentenced to (1) life with the possibility of parole after 20 years for the murder conviction with a consecutive sentence of 72 to 180 months for the deadly weapon enhancement, (2) consecutive terms of 24 to 60 months for each of the assault convictions, and (3) a concurrent term of 12 to 60 months for the felon in possession of a firearm conviction. (*Id.*) Rodriguez appealed, and the Nevada Supreme Court affirmed on December 18, 2015. (ECF No. 22-37.)

///

Rodriguez filed a state habeas petition on February 2, 2017. (ECF No. 22-43.) The state court denied the petition on March 20, 2023. (ECF No. 24-13.) Rodriguez appealed, and the Nevada Court of Appeals affirmed on March 25, 2024. (ECF No. 24-35.) Remittitur issued on April 29, 2024. (ECF No. 24-37.)

Rodriguez commenced this instant action on or about April 23, 2024. (ECF No. 1.) The Court conducted an initial review of the Petition and ordered that it be served on Respondents. (ECF No. 6.) Rodriguez raises the following grounds in his Petition:

1. His trial counsel failed to provide continuous representation at all stages of the trial process.
2. His trial counsel failed to investigate and prepare for trial.
3. His trial counsel failed to call, secure, or subpoena any witnesses for trial, including (a) Edgar Rodriguez, (b) defending against the prosecutor's testimony, and (c) Martha Mahaffey, PhD.
4. His trial counsel failed to impeach prosecution witnesses.
5. His trial counsel failed to object to fabricated evidence presented by the prosecution.
6. His trial counsel misstated key facts in his closing argument.
7. His trial counsel's advice deprived him of his right to testify due to (a) his waiver of his right to testify not being knowingly made and (b) his decision was impaired by the levels of Depakote in his system.
8. His trial counsel failed to lodge a sufficient objection to the admission of highly prejudicial character evidence.
9. His appellate counsel was ineffective.
10. The prosecution committed misconduct.
11. There was judicial misconduct, including (a) not granting a continuance of the trial, (b) allowing prejudicial character evidence that he was a sex offender to be admitted at trial, (c) being subjective towards the jury panel during voir dire, and (d) showing favoritism towards the prosecution.
12. He was incompetent during his trial.
13. There was insufficient evidence to support his first-degree murder conviction; instead, there was only sufficient evidence to prove voluntary manslaughter.
14. The cumulative errors of grounds 1 through 13 warrant the granting of relief.[1]

(ECF No. 7.)

---

[1]Respondents read the Petition as also including grounds 15 and 16. (*See* ECF No. 28 at 4.) However, these grounds, in which Respondents argue that Rodriguez is alleging that the state court erred in its post-conviction decision and that his post-conviction counsel provided ineffective assistance of counsel, appear to be general arguments rather than stated grounds for relief. Rodriguez confirmed this in his reply brief. (ECF No. 33 at 19.)

## II. LEGAL STANDARDS & ANALYSIS

Respondents argue that (1) only grounds 3c and 7a are exhausted, (2) the Court should not consider any new evidence, (3) grounds 11, 13, and 14 are not cognizable, and (4) the due process claims are conclusory. (ECF No. 28.) The Court will address these arguments in turn.

### A. Exhaustion

Respondents argue that only grounds 3c and 7a are exhausted, so the remaining grounds should be dismissed as unexhausted. (ECF No. 28 at 5-12.)

A state prisoner must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).

#### 1. Grounds 1, 2, 3a, 3b, 4, 5, 6, 7b, and 8

Rodriguez acknowledges that grounds 1, 2, 3a, 3b, 4, 5, 6, 7b, and 8 are unexhausted, but he asserts that these grounds are technically exhausted and procedurally defaulted and that he can overcome the procedural defaults under *Martinez v. Ryan*[2]. (ECF No. 33 at 4.)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Rodriguez would face several procedural bars if he were to return to state court. *See, e.g.*, NRS §§ 34.726, 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are

---
[2]566 U.S. 1 (2012).

3

substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then that petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *See Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *See* 566 U.S. 1, 9 (2012). The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *See Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he, nonetheless, has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Rodriguez advances only *Martinez* as a basis for excusing the anticipatory default of grounds 1, 2, 3a, 3b, 4, 5, 6, 7b, and 8. As such, the Court finds these grounds to be technically exhausted and procedurally defaulted. However, Respondents rebut that

*Martinez* cannot be used as cause to overcome the procedural default of these grounds because Rodriguez raised them before the state district court (and his postconviction counsel adopted them), but his counsel then failed to raise them on appeal before the Nevada appellate courts. (ECF No. 40 at 13.) Respondents are correct.

Rodriguez raised grounds 1, 2, 3a, 3b, 4, 5, 6, 7b, and 8 before the state district court. (*See* ECF Nos. 22-43 (Rodriguez's *pro se* petition).) And although Rodriguez's counsel then filed a counseled supplemental petition and a counseled second supplemental petition, those supplements did not take the place of Rodriguez's *pro se* petition; rather, they merely supplemented it. (*See* ECF No. 23-15 (Rodriguez's counseled supplemental petition provides that "[n]o additional grounds will be presented" beyond those in the *pro se* petition); ECF No. 23-22 (Rodriguez's counseled second supplemental petition "incorporates" Rodriguez's *pro se* petition).) However, in his opening brief on appeal to the Nevada appellate courts, Rodriguez's appellate post-conviction counsel, who had also been his initial post-conviction counsel, only raised grounds 3c and 7a, dropping the other grounds.[3] (ECF No. 24-28 at 7.) Accordingly, the only argument Rodriguez can make is that his post-conviction appellate counsel was ineffective for failing to raise grounds 1, 2, 3a, 3b, 4, 5, 6, 7b, and 8 on appeal. However, *Martinez* applies only to ineffective assistance in initial review collateral proceedings and cannot supply cause where the alleged ineffective assistance was on appeal of a state habeas petition. *See Martinez*, 566 U.S. at 16 ("The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings."); *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1295 (9th Cir. 2013). *Martinez* therefore cannot supply cause for the procedural defaults of grounds 1, 2, 3a, 3b, 4, 5, 6, 7b, and 8. These grounds are dismissed as procedurally defaulted.

///

---

[3] The Court acknowledges that Rodriguez was "ignor[ed] and exclude[d]" during the post-conviction appellate process by his counsel. (ECF No. 33 at 7.)

5

### 2. Ground 11b

In ground 11b, Rodriguez alleges that the trial court "allowed highly prejudicial character evidence to be admitted for trial," namely that he was a sex offender. (ECF No. 7 at 63.) Rodriguez raised this claim on direct appeal: "The trial court abused its discretion and violated appellant's Fifth, Sixth, and Fourteenth Amendment rights to a fair trial and to due process of law when it allowed into evidence the victim's hearsay statement . . . that the appellant is a 'sex offender.'" (ECF No. 22-33 at 14.) The Nevada Supreme Court considered the merits of this argument in its order of affirmance. (ECF No. 22-37 at 2-3.) Accordingly, contrary to Respondents' contention, the Court finds ground 11b is exhausted.

### 3. Ground 12

Rodriguez has chosen to voluntarily dismiss ground 12. (ECF No. 33 at 17.)

### 4. Grounds 9, 10, 11a, 11c, 11d, 13, and 14

Regarding the remaining grounds—grounds 9, 10, 11a, 11c, 11d, 13, and 14[4]—Rodriguez appears to concede that they are unexhausted, but he appears to assert that these grounds are technically exhausted and procedurally defaulted and that he can overcome the procedural defaults. (*See generally* ECF No. 33.) Because grounds 9, 10, 11a, 11c, 11d, 13, and 14 would be procedurally barred if Rodriguez were to return to state court, the Court considers them to be procedurally defaulted. *See Sandgathe*, 314 F.3d at 376. Rodriguez makes the following arguments regarding overcoming those procedural defaults: (1) ground 9 "is technically exhausted, was not fully adjudicated on merits in light of the evidence presented, and should be due deference of default pending

---

[4]While Rodriguez raised a cumulative error claim on direct appeal (*see* ECF No. 22-37 at 3-4), he has not raised an all-encompassing cumulative error claim. Although not sought by Rodriguez, the Court notes that it would be futile to consider separating ground 14 into a cumulative error claim regarding Rodriguez's direct appeal claims and a cumulative error claim regarding his post-conviction appeal claims given that only one of Rodriguez's direct appeal claims has been included in his instant Petition.

a full merits review of the facts and evidence," (2) ground 10 "is technically exhausted, was not adjudicated on the merits in light of the evidence, and should be excused from any procedural default due to outrageous prosecutorial misconduct, the severe cause and prejudice [he] will suffer, and to avoid miscarriage of justice," (3) grounds 11a, 11c, and 11d are "technically exhausted, w[ere] not fully adjudicated on the merits in light of the facts and evidence, and should be due deference of any default pending a full merits review," (4) ground 13 "is technically exhausted, was not adjudicated on the merits in light of the evidence, and is due deference to avoid a miscarriage of justice," and (5) ground 14 "is technically exhausted, and is entitled to *de novo* review as to all grounds to be considered on the merits by this honorable court." (ECF No. 33 at 11-18.)

When a prisoner procedurally defaults a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *See Maples v. Thomas*, 565 U.S. 266, 280-81 (2012). Ignorance or inadvertence does not constitute cause. *See Murray v. Carrier*, 477 U.S. 478, 486-87 (1986). To show prejudice, a petitioner bears the burden of showing not merely that the error created a possibility of prejudice but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *See id.* at 494; *see also Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019).

Rodriguez appears to allege that he can overcome the procedural defaults of grounds 9, 10, 11a, 11c, 11d, 13, and 14 because (1) a miscarriage of justice would occur if the Court does not consider them given that he is innocent of first-degree murder and should have been found guilty of only voluntary manslaughter, (2) his appellate counsel

7

was ineffective, and (3) there was prosecutorial misconduct. The Court address each argument in turn.

First, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In this regard, "actual innocence" means actual factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). The Supreme Court has emphasized that "tenable actual innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Rodriguez's actual innocence claim is based upon his argument that he acted on irresistible impulse in killing his wife rather than with the intent required to commit first-degree murder. (*See* ECF No. 7 at 68-69.) Rodriguez supports this argument with facts that he believes should have been presented at the trial regarding the events that took place leading up to the homicide, which, according to him, show that he merely "acted with reactive violence without the aforethought for murder." (*Id.*) Importantly, these facts are apparently ones to which Rodriguez would have testified to, meaning they are not new. Moreover, Rodriguez fails to show that his "new" evidence casts doubt on his conviction by undercutting the reliability of the proof of guilt. The pertinent issue here is whether, under Nevada law, Rodriguez acted with an irresistible impulse of passion or whether he acted with premeditation and deliberation in killing his wife. Rodriguez's "new" facts, even if found to be credible, fail to show that he acted with an irresistible impulse of passion given, in Rodriguez's own words, that his wife "confessed to a (four) month affair on the morning of July 8th, 2012," which was a whole "(26) hours before the incident." (ECF No. 7 at 68.) Indeed, the Nevada Supreme Court, the final arbiter of Nevada law,

determined that Rodriguez's version of the facts did not show voluntary manslaughter under Nevada law because (1) they "did not demonstrate that he shot the victim based on an 'irresistible impulse of passion,'" and (2) there was "an interval of time between the provocation and the killing." (ECF No. 24-35 at 5 (citing *Allen v. State*, 98 Nev. 354, 356, 647 P.2d 389, 390-91 (1982) and NRS § 200.060).) As such, Rodriguez cannot overcome the procedural defaults of grounds 9, 10, 11a, 11c, 11d, 13, and 14 based on a miscarriage of justice argument.

Second, the ineffective assistance of appellate counsel in failing to raise a claim on direct appeal in the state criminal proceedings may potentially establish cause. *See Cockett v. Ray*, 333 F.3d 938, 943-44 (9th Cir. 2003). However, "to assert such an excuse in a federal habeas petition, a state prisoner must first exhaust in state court the claim that his appellate counsel was constitutionally inadequate." *Arrendondo v. Neven*, 763 F.3d 1122, 1140 (9th Cir. 2014). Here, ground 9—in which Rodriguez's claim that his appellate counsel was ineffective—is unexhausted, meaning it cannot be used as cause to excuse the procedural default of the grounds which could have been raised on direct appeal, including grounds 10, 11a, 11c, 11d, and 13.

Third, Rodriguez fails to show that prosecutorial misconduct establishes cause given that he fails to explain how the prosecutor's actions during the trial impeded his efforts to comply with the state's procedural rules.

In sum, given Rodriguez's failure to show a miscarriage of justice or cause and prejudice to overcome the procedural defaults of grounds 9, 10, 11a, 11c, 11d, 13, and 14, they are dismissed.

**B.    New Evidence**

Respondents argue that the Court should not consider any new evidence because Rodriguez failed to develop such in the state courts. (ECF No. 28 at 12.) Specifically, Respondents contend that Rodriguez makes specific factual allegations concerning his

trial counsel's ineffectiveness in ground 3c, which is based on her evaluation report. (*Id.*) However, according to Respondents, Rodriguez failed to include this report—among other documents—in his appeal to the Nevada appellate courts. (*Id.* (citing ECF No. 7 at 112-14).)

The Court acknowledges that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). However, given, *inter alia*, that Rodriguez may be entitled to *de novo* review of ground 3c, an issue that it will not assess until the time of merits review, the Court finds that it is premature to determine whether it should decline to consider new evidence. The Court rejects this argument without prejudice to Respondents raising it in connection with their merits briefing.

### C. Cognizable Claims

Respondents argue that grounds 11a, 11b, 11c, 11d, 13, and 14 are not cognizable. (ECF No. 28 at 14.) The Court has already dismissed grounds 11a, 11a, 11c, 11d, 13 and 14 as procedurally defaulted, so it need not discuss whether these grounds are cognizable. Turning to ground 11b, Respondents argue that it "relates to matters of state law that are not cognizable in a federal petition." (ECF No. 28 at 14.) As a reminder, in ground 11b, Rodriguez alleges judicial misconduct for the admission of highly prejudicial character evidence. (ECF No. 7 at 63.) Respondents contend that "[w]hile Rodriguez argues this denial was a violation of his constitutional rights, . . . [he] attempts to disguise his state law claim under a 'fair trial' label.'" (ECF No. 28 at 15.) The Court is not persuaded. "[C]laims deal[ing] with admission of evidence" are "issue[s] of state law," *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009), and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764 (1990). However, here, there is still the question of "whether the state proceedings satisfied due process." *See Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991); *see also Johnson v.*

*Sublett*, 63 F.3d 926, 930 (9th Cir. 1995) (explaining that for the admission of evidence to provide a basis for habeas relief, the evidence must have "rendered the trial fundamentally unfair in violation of due process"). Ground 11b is cognizable.

### D. Conclusory Claims

Respondents argue that "[i]n almost every ground raised in Rodriguez's [P]etition he alleges a violation of his due process rights." (ECF No. 28 at 19.) Respondents contend that these arguments are conclusory and should be dismissed. (*Id.*)

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule(s)") requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground." Notice pleading is not sufficient to satisfy the specific pleading requirements for federal habeas petitions. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (noting that Rule 8(a) of the Federal Rules of Civil Procedure requires only "fair notice" while Habeas Rule 2(c) "is more demanding"; mere legal conclusions without facts are not sufficient— "it is the relationship of the facts to the claim asserted that is important"). Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *See id.* at 649; *see also Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). A claim for relief is facially plausible when the pleading alleges facts that allow the court to draw a reasonable inference that the petitioner is entitled to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although *pro se* pleadings must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), conclusory allegations unsupported by specific facts are subject to summary dismissal. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Construing Rodriguez's Petition liberally, the Court finds that he alleges sufficient facts and argument to support his remaining claims.

///

///

**III.   CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 28) is granted in part and denied in part as follows: (1) grounds 1, 2, 3a, 3b, 4, 5, 6, 7b, 8, 9, 10, 11a, 11c, 11d, 13, and 14 are dismissed as procedurally defaulted, and (2) ground 12 is voluntarily dismissed.

It is further ordered that Respondents file their answer to grounds 3c, 7a, and 11b within 60 days of the date of this Order. Rodriguez will then have 30 days to file his reply.

DATED THIS 31st Day of July 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE